**JENNER&BLOCK**

June 30, 2011

Jenner & Block LLP                Chicago
919 Third Avenue                  Los Angeles
37th Floor                        New York
New York, NY 10022                Washington, DC
Tel  212-891-1600
www.jenner.com

Luke P. McLoughlin
Tel  212 891-1651
Fax 212 909-0855
lmcloughlin@jenner.com

**VIA ECF & HAND DELIVERY**

Honorable John Gleeson
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY  11201

*Re:  Comfort Inn Oceanside v. The Hertz Corp., 11-CV-1534*

Dear Judge Gleeson,

      We represent defendant The Hertz Corporation ("Hertz") in the above-captioned matter and write pursuant to the Court's Individual Practices to request a pre-motion conference in advance of filing a motion to dismiss under Rule 12 of the Federal Rules of Civil Procedure. Hertz requests (1) a pre-motion conference to discuss its proposed motion, or in lieu of such a conference, permission to file the motion, and (2) a stay of any court-annexed arbitration proceedings while the Court considers the dismissal motion. *See* Dkt. 5 (notice to counsel that case had been designated for court-annexed arbitration). Insofar as the Court's Individual Practices (¶ 2(A)) direct that this pre-motion letter is considered the equivalent of the dismissal motion itself for Rule 12's timing requirements, Hertz also requests that its time to file a memorandum in support of the motion to dismiss be extended until after its request for a pre-motion conference is resolved.

**Factual & Procedural History**

      Plaintiff Comfort Inn Oceanside ("Comfort Inn") is located in Florida. Hertz is headquartered in Park Ridge, New Jersey. Plaintiff's counsel and (it appears) a principal of Comfort Inn are located in Kings County.

      Comfort Inn filed suit on January 28, 2011. Hertz timely removed the case based on diversity between the parties and because the amount in controversy exceeds $75,000. Dkt. 1. Since Hertz's removal, the parties have entered into various stipulations, at present agreeing that Hertz would have until June 30, 2011 to move to dismiss or answer, and that Comfort Inn would have until that same date to seek to remand.

      On April 21, 2011, the case was designated for court-annexed arbitration. Dkt. 5. Hertz requests a stay of court-annexed arbitration while the proposed motion to dismiss is pending.[1]

---

[1] The day after receiving the notice regarding court-annexed arbitration, counsel for Hertz inquired with the chambers of Magistrate Judge Azrack regarding the proper procedure for

Honorable John Gleeson
United States District Judge
June 30, 2011
Page 2

### **The Proposed Motion to Dismiss**

Plaintiff's Complaint is properly the subject of a dismissal motion for a number of reasons.

Rule 8 requires a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2). Plaintiff's Complaint on its face does not meet that standard because it fails to plead the required elements of a breach of contract claim.

Moreover, even a short and plain statement of a claim must still allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). As the Supreme Court held, a complaint must have "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Here, Comfort Inn alleges no such factual matter and only conclusions.

All plaintiff's two-page Complaint contains are the most generalized assertions about alleged breach of contract and plaintiff "request[s] a judgment in the amount of $102,240.00." Compl. ¶ 5. Nowhere does Comfort Inn allege predicate facts concerning what obligation Hertz supposedly owed to Comfort Inn, how that obligation was breached, or how Comfort Inn was damaged in the amount of $102,240.

Also absent from the Complaint is any factual allegation as to *when* this alleged breach occurred. This absence is notable because Comfort Inn appears to be attempting to avoid the applicable statute of limitations (Florida's five-year limit applies). *See* N.Y. C.P.L.R. § 202 ("An action based upon a cause of action accruing without the state cannot be commenced after the expiration of the time limited by the laws of either the state or the place without the state where the cause of action accrued, except that where the cause of action accrued in favor of a resident of the state the time limited by the laws of the state shall apply."). Any breach allegedly occurred over five years ago, and plaintiff is not a resident of the state. Dismissal is thus warranted because the assertions set forth in plaintiff's three sentences of plaintiff's two-page complaint are insufficient to "raise a right to relief above the speculative level." *Price v. New York State Bd. of Elections*, 540 F.3d 101, 107 (2d Cir. 2008) (quotation omitted).

Plaintiff's suit also should be dismissed because the Complaint – even if read to plausibly allege a claim of a breach of contract – is time-barred by the statute of limitations. All of the facts of the parties' alleged contracting relationship (including Hertz's alleged breach) are claimed to have occurred in Florida, where plaintiff was located and where plaintiff allegedly agreed to refer customers in April 2005. New York's borrowing statute therefore directs that Florida's five-year statute of limitations applies instead of New York's six-year limitations

---

proceeding on the proposed motion to dismiss. The clerk indicated that the proposed dismissal motion and the pre-motion letter should be coupled with a request for a stay of arbitration proceedings while the dismissal motion was being considered.

2

Honorable John Gleeson
United States District Judge
June 30, 2011
Page 3

period. *See* N.Y. C.P.L.R. § 202 (quoted above); Fla. Stat. § 95.11(2)(b) ("Actions other than for recovery of real property shall be commenced as follows: . . . . Within five years[:]. . . . A legal or equitable action on a contract, obligation, or liability founded on a written instrument . . . ."); *Insurance Co. of N. Am. v. ABB Power Generation*, 925 F. Supp. 1053, 1060 (S.D.N.Y. 1996) ("The purpose of the borrowing statute [N.Y. C.P.L.R. § 202] is to prevent plaintiffs from shopping for a forum with a limitations period long enough to allow an action to proceed, denying resident defendants the benefit of the shortest applicable limitations period").

Plaintiff avoids stating when the breach occurred because it knows that its claim is time-barred. The documents provided to Hertz by Comfort Inn indicate that any breach occurred no later than October 2005.[2] For plaintiff's claim to be timely, the breach must have occurred *after* January 28, 2006, and plaintiff's own documents concerning the contract make plain plaintiff considered the contract breached no later than October 2005.[3] Dismissal is therefore appropriate. *Staehr v. Hartford Fin. Servs. Group*, 547 F.3d 406, 426 (2d Cir. 2008) ("[A] defendant may raise an affirmative defense in a pre-answer Rule 12(b)(6) motion if the defense appears on the face of the complaint."); *cf.* Fed. R. Civ. P. 8(c)(1).

### Conclusion

In sum, plaintiff's generic Complaint should be dismissed for a variety of independent reasons, and Hertz respectfully requests the opportunity either to file a motion and supporting memorandum, or to discuss these matters with the Court at a pre-motion conference. Hertz also requests that any arbitration proceeding be stayed until issues relating to the dismissal motion are resolved.

Respectfully submitted,

*/s/ Luke McLoughlin*

Luke P. McLoughlin

cc: Howard Dreises, Esq. (*Counsel for plaintiff*)

---

[2] In considering a Rule 12(b)(6) motion, the Court may consider documents "incorporated in the complaint by reference"; documents that "the plaintiffs either possessed or knew about and upon which they relied in bringing the suit"; and documents that are "integral" to the complaint because it "relies heavily upon [their] terms and effect." *Kramer v. Time Warner Inc.*, 937 F.2d 767, 773 (2d Cir. 1991); *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002). Hertz will include such documents in its motion to dismiss brief or provide them to the Court at a pre-motion conference.
[3] Hertz reserves the right to seek relief beyond the dismissal of the Complaint if it becomes apparent that Comfort Inn had no good-faith basis to file its time-barred suit.