COMFORT INN OCEANSIDE,

       Plaintiff,     MEMORANDUM AND ORDER

   - against -       11-CV-1534 (JG) (JMA)

THE HERTZ CORPORATION,

       Defendant.
----------------------------------------------------------------x

A P P E A R A N C E S :

  HOWARD I. DREISES
    155 Henry Street
    Brooklyn, New York 11201
    *Attorney for Plaintiff*

  JENNER & BLOCK LLP
    919 Third Avenue
    37th Floor
    New York, New York 10022
  By: Katya Jestin
    Luke P. McLoughlin
    *Attorneys for Defendant*

JOHN GLEESON, United States District Judge:

    Plaintiff Comfort Inn Oceanside ("Comfort Inn") brings this action for breach of contract against The Hertz Corporation ("Hertz"). Hertz moves to dismiss Comfort Inn's amended complaint, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for failure to sufficiently plead the breach of contract claim. For the reasons below, the motion is granted and the amended complaint is dismissed without prejudice.

BACKGROUND

A.   *Factual Background*[1]

By letter dated April 19, 2005, Hertz submitted a proposed contract (the "Agreement") to Comfort Inn, a hotel located in Deerfield Beach, Florida. Under the terms of the Agreement, Hertz would become the "exclusive provider" of rental cars to Comfort Inn and its guests. Agreement 1. Hertz offered service guarantees, a 10% commission of the rental revenues generated from the Comfort Inn, discounted rentals to Comfort Inn employees and "30 comp days per month," *i.e.*, daily rentals free of charge, "to senior management in South Florida upon request." *Id.* at 1–2. In exchange for all this, the Agreement required Comfort Inn to "recommend Hertz to all guests for car rental needs" and Comfort Inn's employees to make "[e]very effort . . . to promote the relationship" established in the Agreement. *Id.* at 1.

Hertz's branch manager had signed the Agreement on behalf of Hertz on April 19, 2005. The following day, April 20, 2005, Comfort Inn's president signed the Agreement and sent it to Hertz via fax.

Hertz "immediately" breached the agreement by failing to provide cars to hotel staff and guests and failing to "establish a business presence" at the hotel. Am. Compl. ¶ 4; *see also id.* ¶ 2. Comfort Inn was not given a "company car" and lost revenues, causing damages in the total amount of $102,240. *Id.* ¶ 1.[2] Of this amount, $93,600 resulted from Hertz's failure to provide a company car and $8,640 resulted in a loss of revenues due to the lack of cars provided for hotel residents. *Id.* ¶ 8.

---

[1]   The facts are drawn from the well-pleaded allegations in the amended complaint, which are assumed to be true for purposes of this motion.

[2]   The amended complaint has two separate paragraphs numbered as paragraph 1. For purposes of this opinion, citations to paragraph 1 indicate both of these paragraphs.

B.  *Procedural Background*

Comfort Inn commenced this action against Hertz in the Supreme Court of the State of New York, Kings County on January 28, 2011. In its complaint, Comfort Inn asserted a single claim for breach of contract. Hertz removed the action to this Court on March 29, 2011, on the grounds that the parties' had diverse citizenship and the amount in controversy exceeded $75,000.

After removal, Hertz requested a pre-motion conference with respect to an anticipated motion to dismiss the original complaint.[3] Hertz also moved for a stay of any court-annexed arbitration proceedings while its anticipated motion to dismiss was pending.[4] During the pre-motion conference, I directed Comfort Inn to file an amended complaint.

The amended complaint consists of two pages containing eight numbered paragraphs. Attached to the amended complaint are the Agreement (which is itself two pages) and two photographs taken in the hotel's lobby purporting to show the lack of any Hertz presence there.[5] Excluding portions of the amended complaint identifying the parties and bases for jurisdiction and other technical matters, the allegations in the amended complaint are:

> 1. This action is regarding the breach of a contract by [Hertz] that resulted in a (1) loss of a company car and (2) loss of revenues, causing damages in the total amount of $102,240.00.
>
> . . . .
>
> 2. [Hertz] had a contract with the plaintiff to provide rental cars for the hotel residents of the property known as Comfort Inn Oceanside as well as a rental company car for the staff. Such cars were not provided. . . .

---

[3] A request for a pre-motion conference was required by my individual motion practices.

[4] The motion for a stay of arbitration proceedings [8] is denied as moot.

[5] Since it is attached to the amended complaint, the Agreement is deemed a part of the complaint. *See* Fed. R. Civ. P. 10(c).

. . . .

    4.    An agreement dated April 19, 2005, (Exhibit "A") in which the defendant was to provide rental cars to the plaintiff, for the use of hotel staff and residents, was breached on April 19, 2005 due to the failure of the defendant to immediately provide such cars as per the contract and establish a business presence there so that persons staying at the hotel could also rent cars. Such agreement was signed in Brooklyn, New York by [Comfort Inn], by its president, Joseph Tomasino.

    5.    Because of this behavior by the defendant[], we request a judgment in the amount of $102,240.00

    6.    Plaintiff would be irreparably harmed if such relief were not granted.

. . . .

    8.    [Hertz], due to its breach of contract, caused the plaintiff to suffer a total of $102,240.00 in damages. This total is based on (1) a lack of providing a company car, causing $93,600.00 in damages and (2) loss of revenue due to lack of providing cars for hotel residents, causing a loss in revenues approximating $8,640.00 in damages.

Am. Compl. ¶¶ 1–8.

## DISCUSSION

A.    *Standard of Review*

Under the Federal Rules of Civil Procedure, a complaint "must contain . . . a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint that does not do so will be dismissed for failing to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6); *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 110 (2d Cir. 2010).

For decades, the oft-cited standard for assessing the sufficiency of a complaint was the Supreme Court's statement of "the accepted rule that a complaint should not be

4

dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957). In *Bell Atlantic Corp v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), however, the Supreme Court "retired the *Conley* no-set-of-facts test," *id.* at 1944, in place of a new standard for addressing the sufficiency of a complaint under Rule 8(a).

Under the new standard, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 1949 (quoting *Twombly*, 550 U.S. at 570.) This standard requires factual allegations that, taken as true, demonstrate "more than a sheer possibility that a defendant has acted unlawfully." *Id.* If a complaint allows a court to infer no more than "the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id.* at 1950 (quoting Fed. R. Civ. P. 8(a)(2)) (alteration in original).

This standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 1949 (quoting *Twombly*, 550 U.S. at 555). A complaint must offer more than "'labels and conclusions,'" "'a formulaic recitation of the elements of a cause of action'" or "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 555, 557) (alteration in original).

In assessing whether a complaint meets the plausibility standard, a court should first identify any allegations in the complaint that "are no more than conclusions" and therefore "are not entitled to the assumption of truth." *Id.* at 1950; *see also Hayden v. Paterson,* 594 F.3d 150, 161 (2d Cir. 2010). Second, a court should assume that any remaining well-pleaded

allegations are true and "then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 129 S. Ct. at 1950; *see also Ruston v. Town Bd. for Skaneateles*, 610 F.3d 55, 59 (2d Cir.), *cert. denied*, 131 S. Ct. 824 (2010).

B.  *Analysis*

To state a claim for breach of contract under New York law, a plaintiff must adequately allege each of the following elements: "(1) the existence of an agreement, (2) adequate performance of the contract by the plaintiff, (3) breach of contract by the defendant, and (4) damages." *Harsco Corp. v. Segui*, 91 F.3d 337, 348 (2d Cir. 1996); *see also Fischer & Mandell, LLP v. Citibank, N.A.*, 632 F.3d 793, 799 (2011); *Eternity Global Master Fund Ltd. v. Morgan Guar. Trust Co. of N.Y.*, 375 F.3d 168, 177 (2d Cir. 2004).[6]

Hertz argues for dismissal on two grounds. First, it argues that Comfort Inn has failed to make any allegations regarding the second element of a breach of contract claim – that Comfort Inn adequately performed its own obligations under the contract. Second, Hertz argues that the allegations in the amended complaint as a whole are insufficient to plead a plausible breach of contract claim.

1.  *Comfort Inn's Own Performance*

A claimant's failure to plead the performance of its own contractual obligations is fatal to a breach of contract claim even if the other requisite elements are properly pleaded. *See, e.g.*, *Global Crossing Bandwidth, Inc. v. PNG Telecomms., Inc.*, No. 06 Civ. 6415T, 2007 WL 174094, at *2 (W.D.N.Y. Jan. 22, 2007) (granting motion to dismiss due to plaintiff's failure "to

---

[6] The parties refer only to New York law and, in any event, the elements of a breach of contract claim under the law of Florida – where the contract was to be performed – do not differ from those under New York law. *See, e.g.*, *Rollins, Inc. v. Butland*, 951 So. 2d 860, 876 (Fla. Dist. Ct. App. 2006) ("The elements of an action for breach of contract are: (1) the existence of a contract, (2) a breach of the contract, and (3) damages resulting from the breach. In addition, in order to maintain an action for breach of contract, a claimant must also prove performance of its obligations under the contract or a legal excuse for its nonperformance." (citation omitted)).

6

allege that it adequately performed under the contract"); *Udell v. Berkshire Life Ins. Co. of Am.*, No. 03-CV-2721 (SJF) (KAM), 2005 WL 1243497, at *5 (E.D.N.Y. May 25, 2005) ("[P]laintiff does not even generally allege performance of his . . . remaining obligations under the [contract]. Accordingly, plaintiff's breach of contract claim . . . is dismissed for failure to state a claim."); *Global Intellicom, Inc. v. Thomson Kernaghan & Co.*, No. 99 Civ. 342 (DLC), 1999 WL 544708, at *18 (S.D.N.Y. July 27, 1999) (dismissing breach of contract claim because plaintiff failed to allege its own performance or that it was excused from performing because of defendants' breach); *R.H. Damon & Co. v. Softkey Software Prods., Inc.,* 811 F. Supp. 986, 991 (S.D.N.Y. 1993) ("[W]hen pleading a claim for the breach of an express contract, as in the instant case, the complaint must contain some allegation that the plaintiffs actually performed their obligations under the contract."). Absent allegations of the claimant's own performance, the claimant has alleged facts showing "the mere possibility of misconduct," but not that it is entitled to relief. *Iqbal*, 129 S. Ct. at 1950.

Here, the amended complaint does not expressly allege, even in conclusory fashion, that Comfort Inn performed its contractual obligations. Comfort Inn nevertheless argues that the amended complaint is sufficient. According to Comfort Inn, it "automatically performed by signing the contract and offering the hotel as a Hertz site. No other performance was necessary and none had to be stated in the Amended Complaint." Pl. Mem. of Law 4.

The notion that all Comfort Inn had to do was sign the contract and let Hertz into the hotel is contradicted by the terms of the Agreement. The Agreement imposes at least two obligations on Comfort Inn. First, there is an exclusivity obligation – Comfort Inn cannot use other rental car providers. Agreement 1 (Hertz will be "the exclusive provider of rental cars to Comfort Inn"). Second, there is what may be called a "best efforts" obligation – the Agreement

7

requires Comfort Inn to "recommend Hertz to all guests for car rental needs" and Comfort Inn's employees to use "[e]very effort" to promote the relationship. *Id.* Thus, the contract imposes affirmative obligations on Comfort Inn beyond simply letting Hertz into the hotel.

Comfort Inn alternatively contends that Hertz "immediately breached by not establishing a presence in the lobby of the hotel" and that it was therefore "under no obligation to perform." Pl. Mem. of Law 4. Comfort Inn asks, "[h]ow could the hotel and its employees 'recommend Hertz' and 'promote the relationship described herein' when there was no such relationship from day 1 due to the breach by Hertz?" *Id.* at 5.

The amended complaint does allege that Hertz "immediately" breached the contract "on April 19, 2005." Am. Compl. ¶ 4. If this were the case, then Comfort Inn's own performance *might* have been excused under New York law. *See Frank Felix Assocs., Ltd. v. Austin Drugs, Inc.*, 111 F.3d 284, 289 (2d Cir. 1997) ("A party's obligation to perform under a contract is only excused where the other party's breach of the contract is so substantial that it defeats the object of the parties in making the contract.").

However, to the extent the amended complaint alleges that Comfort Inn's performance was excused by Hertz's immediate breach, such allegations are both factually implausible and legally meritless.[7] Comfort Inn's theory appears to be that, immediately after receipt of Comfort Inn's fax containing the executed Agreement, Hertz was obligated to immediately rush a team to the hotel to set up a Hertz kiosk in the lobby. The terms of the agreement do not require such rapid action and it is implausible to conclude that Hertz's breach was immediate. Common sense defies Comfort Inn's claim of immediate breach. *See Iqbal*, 129 S. Ct. at 1950 (a court should draw on its "judicial experience and common sense" in evaluating

---

[7] As a technical matter, Hertz could not possibly have breached the contract on April 19, 2005, as alleged, because Comfort Inn did not execute the contract until the following day.

8

sufficiency of pleadings). Furthermore, even if Hertz technically breached the contract right away, there is nothing in the amended complaint suggesting that such breach was "so substantial that it defeat[ed] the object of the parties in making the contract." *Frank Felix Assocs.*, 111 F.3d at 289.

In addition to the implausibility of its theory of immediate breach, Comfort Inn has attached correspondence to its opposition brief that undermines that theory.[8] A May 25, 2005 letter from Comfort Inn's counsel to Hertz complains only that Comfort Inn had improperly been billed for a car that should have been provided pursuant to the "comp days" provision in the Agreement. A June 7, 2005 follow-up letter indicates that Comfort Inn was "agreeable to forget about the charges through June 6, 2005" so long as future rental charges would be waived pursuant to the comp days provision. This correspondence makes no mention of a breach by Hertz due to its failure to immediately establish a business presence at the hotel as Comfort Inn now claims.

Furthermore, even if Hertz had breached immediately, the correspondence shows that Comfort Inn's performance would not have been excused. Under the election of remedies doctrine, if a party materially breaches the contract, the non-breaching party can either terminate the contract or affirm the contract and, in either case, sue for appropriate damages. *ARP Films, Inc. v. Marvel Entm't Grp.*, 952 F.2d 643, 649 (2d Cir. 1991). If a party affirms a contract after the other side's breach, its own "refusal to perform its end of the bargain . . . [is] impermissible."

---

[8] Although this correspondence is not attached to or cited in the amended complaint, I may consider it in connection with the motion to dismiss. Comfort Inn has itself asked the Court to consider it by attaching to its opposition brief, *see, e.g.*, *In re Towers Fin. Corp. Noteholders Litig.*, No. 93 Civ. 0810 (WK) (AJP), 1996 WL 393579, at *7 (S.D.N.Y. July 15, 1996); *Ades v. Deloitte & Touche*, No. 90 Civ. 4959 (RWS), 1993 WL 362364, at *7–8 (S.D.N.Y. Sept. 17, 1993), and Comfort Inn admittedly possessed and relied on it in bringing suit, *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002); *Phila. Parking Auth. v. Fed. Ins. Co.*, 385 F. Supp. 2d 280, 285 (S.D.N.Y. 2005). In any event, I have already concluded that Comfort Inn's theory of immediate breach is implausibly alleged.

*Id.* Comfort Inn's correspondence indicates a clear intent to affirm the contract and it remained obligated to perform as a result.

I therefore conclude that Comfort Inn has failed to adequately plead one of the requisite elements of its breach of contract claim. Comfort Inn's argument that its performance was excused by Hertz's immediate breach is not supported by plausible allegations and is contradicted by the very materials it has asked me to consider in connection with this motion.

While a plaintiff's failure to plead its own performance may sometimes be "a technical defect," *Global Crossing Bandwidth*, 2007 WL 174094, at *2, this case illustrates why such pleading should be required. According to Hertz, Comfort Inn does not allege its own performance "because it cannot do so." Def. Mem. of Law 4. If Hertz's refusal to abide by the Agreement was due to Comfort Inn's failure to perform – for instance, by referring hotel guests to a competing rental company or otherwise failing to promote Hertz – then Comfort Inn would likely have no viable claim. Whether this is what happened is, of course, a factual issue that cannot be resolved at the pleadings stage. However, Comfort Inn should not be allowed to pursue this case further if it does not allege that it performed its own obligations.

While this conclusion alone is sufficient to dispose of the motion to dismiss, I will nevertheless consider the adequacy of the amended complaint with regard to the remaining elements. I do so in order to reduce the chance that there will be a need for any future motion to dismiss in the event Comfort Inn files a second amended complaint.

2. *The Existence of an Agreement*

Comfort Inn has sufficiently pleaded that there was a valid agreement. Comfort Inn alleges that Hertz "had a contract with the plaintiff to provide rental cars for the hotel residents of the property known as Comfort Inn Oceanside as well as a rental company car for

the staff" and the Agreement is attached to its amended complaint. Am. Compl. ¶¶ 2, 4 & Ex. A. This is plainly sufficient. *Am. Realty Trust, Inc. v. Travelers Cas. & Sur. Co. of Am.*, 362 F. Supp. 2d 744, 753 (N.D. Tex. 2005) ("[A] claim on a written contract must either (1) quote relevant contractual language; (2) *include a copy of the contract as an attachment*; or (3) summarize the contract's purported legal effect." (emphasis added)). While more might be necessary to plead the existence of an agreement in other cases,[9] alleging the existence of a written contract and attaching that contract to the complaint will generally suffice to plead this element of a contract claim.

### 3. *Breach by Hertz*

The amended complaint alleges that Hertz agreed to provide rental cars to the hotel's guests and staff and that "[s]uch cars were not provided." Am. Compl. ¶ 2. It further alleges that the Agreement was breached "due to the failure of [Hertz] to immediately provide such cars as per the contract and establish a business presence [at the hotel] so that persons staying at the hotel could also rent cars," *id.* ¶ 4, and that Hertz failed to "provid[e] a company car" in breach of the Agreement, *id.* ¶ 8. These allegations are sufficient to plead Hertz's breach of the Agreement.

The allegations of Hertz's breach are not conclusory. They do more than state the legal conclusion that Hertz breached the Agreement. They allege *how* Hertz breached the Agreement: Hertz failed to provide rental cars to Comfort Inn's hotel guests and a "company car" for its staff.

---

[9] For example, more extensive pleading of the existence of an agreement might be necessary if the alleged contract were implied, *see* 5 Charles Alan Wright & Arthur R. Miller, *Fed. Prac. & Proc.* § 1235, at 393 (3d ed. 2004) ("[I]n an action on a contract implied either in law or in fact, a number of cases have held that the allegations must show the facts and circumstances from which the agreement or quasi-contract can be inferred by the court."), or oral, *see Am. Realty Trust*, 362 F. Supp. 2d at 753.

11

Accepting these allegations as true, they establish a plausible breach.[10] While the amended complaint is devoid of specifics, such as when particular cars were requested from Hertz and not provided or how many times this happened, those specifics are not required in pleading a breach of contract action. Such details would be required only if a standard of heightened pleading applied. For example, Rule 9(b) requires a claimant to allege "the who, what, where, when and why" of the claim. *In re Bayer Corp. Combination Aspirin Prods. Mktg. & Sales Practices Litig.*, 701 F. Supp. 2d 356, 366 (E.D.N.Y. 2010). But Rule 9(b) does not apply in this case. *See* Fed. R. Civ. P. 9(b) (specifying that it applies in cases involving "fraud or mistake"). Rule 8(a), which does apply, does not require "detailed factual allegations" or "heightened fact pleading of specifics." *Twombly*, 550 U.S. at 555, 570; *see also Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (under Rule 8(a), "[s]pecific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."'" (citations omitted)). Comfort Inn's unspecific allegations, assumed to be true, establish a plausible breach by Hertz.

Rule 8(a) might require more extensive allegations in other types of cases than it does in this breach of contract case. Although the Supreme Court's plausibility standard applies to the pleading of all claims in federal civil actions, *Iqbal*, 129 S. Ct. at 1953, its impact will naturally vary depending on the type of claim at issue, *id.* at 1950 ("[D]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task . . . ."); *see also Twombly*, 550 U.S. at 565 n.10 (distinguishing between the degree of specificity required in a complaint alleging simple negligence and one alleging a massive antitrust conspiracy).

---

[10] As explained above, the amended complaint does not plausibly allege an immediate breach as of April 19, 2005, but it does plausibly allege a breach at some later time. Comfort Inn need not allege the exact date of the breach at this stage of the case.

A contractual breach arises when a party agrees to do something and does not do it. The non-performance itself establishes this element of the claim. *See* A. Benjamin Spencer, *Understanding Pleading Doctrine*, 108 Mich. L. Rev. 1, 14–15 (2009) (a breach of contract claim "arises solely as a result of the allegation of observed or experienced objective facts about what transpired – the existence of a contract specifying the duty of X, B's nonperformance, and harm to A – rather than a supposition about B's state of mind or subjective motivations" (emphasis removed) (footnote omitted)); *see also Dobyns v. United States*, 91 Fed. Cl. 412, 427, 430 (Fed. Cl. 2010). Issues of intent, knowledge or other factual circumstances typically are irrelevant to whether a breach has occurred.

In contrast, both *Iqbal* and *Twombly* involved claims that turned on issues such as motive, knowledge or intent. *See Iqbal*, 129 S. Ct. at 1951–52 (assessing whether complaint had plausible alleged "purposeful, invidious discrimination" and that government officials had "purposefully adopted a policy of classifying post-September-11 detainees as 'of high interest' because of their race, religion, or national origin"); *Twombly*, 550 U.S. at 556–57 (assessing whether complaint adequately alleged a conspiracy in restraint of trade in violation of antitrust law). To state a claim that the detention of a group was motivated by unlawful discrimination or that parallel conduct was part of a coordinated plan to restrain competition, more than just detention or parallel conduct must be alleged. Those allegations must be accompanied by allegations regarding the attending circumstances in order to plead that the defendants' acts were unlawful. Accordingly, more extensive allegations are required in those kinds of cases, not because the pleading standard is different, but because additional facts are necessary to establish a plausible claim. *See* Spencer, *supra*, at 14 ("[I]t appears that legal claims that apply liability to

factual scenarios that otherwise do not bespeak wrongdoing will be those that tend to require greater factual substantiation to traverse the plausibility threshold.").

Courts have generally recognized that relatively simple allegations will suffice to plead a breach of contract claim even post-*Twombly* and *Iqbal*. As the court in *Dobyns* explained, after an extensive review of the case law,

> breach-of-contract complaints [with relatively] less detail[] . . . have survived scrutiny under the dismissal standards outlined in *Twombly* and/or *Iqbal*. While it goes without saying (almost) that each case stands on the particulars of the complaint at issue, *these cases, nevertheless, collectively belie the notion that a plaintiff must jump through considerably more hoops now, in pleading a breach of contract claim, than was the case previously*.

*Dobyns*, 91 Fed. Cl. at 430 (footnote omitted) (emphasis added).

The relative simplicity of pleading a breach of contract is also evident from the model complaints included in the Appendix of Forms attached to the Federal Rules of Civil Procedure. Pursuant to Rule 84, those forms "suffice under these rules and illustrate the simplicity and brevity that these rules contemplate." Fed. R. Civ. P. 84. Several of the forms are model complaints for various types of contractual claims. *See* Fed. R. Civ. P. App'x of Forms, Forms 10, 17. The forms require little more than a statement that, for example, the defendant promised to pay a certain amount by a certain date and has not paid the amount by that date, *id.* Form 10(a), or that "the plaintiff tendered the purchase price and requested a conveyance of . . . land but the defendant refused to accept the money or make a conveyance," *id.* Form 17.

The allegations in Comfort Inn's amended complaint are of comparable length and specificity to those in the forms (except for the lack of allegations of Comfort Inn's own performance, addressed above). Comfort Inn alleges Hertz agreed to provide cars and did not provide them, and no more is required to plead the element of Hertz's breach. While I need not

14

address whether Rule 84 controls in this case,[11] the forms' content supports a ruling that the amended complaint has adequately alleged the third element of the contract claim, Hertz's breach.

4. *Damages*

"[A]n allegation that [a claimant] 'suffered damages' without particular facts as to how she was damaged does not satisfy *Twombly* and *Iqbal*." *Int'l Bus. Machs. Corp. v. Dale*, No. 7:11-cv-951 (VB), 2011 WL 4012399, at *2 (S.D.N.Y. Sept. 9, 2011); *see also Bd. of Trustees of N.J. Carpenters Annuity & Pension Funds v. Bank of N.Y. Mellon*, No. 11 Civ. 1555 (JSR), 2011 WL 4916302, at *5 (S.D.N.Y. Oct. 14, 2011). A claim for breach of contract must rest on more than a conclusory allegation that the defendant's breach caused damages, even where the exact amount of damages is alleged. *Int'l Bus. Machs. Corp.*, 2011 WL 4012399, at *2.

---

[11] Many courts have recognized the tension between the Supreme Court's interpretation of Rule 8(a) in *Iqbal* and *Twombly* and Rule 84's provision that the form complaints are sufficient pleadings. *See, e.g.*, *W.L. Gore & Assocs., Inc. v. Medtronic, Inc.*, 778 F. Supp. 2d 667, 675 (E.D. Va. 2011); *Tyco Fire Prods. LP v. Victaulic Co.*, 777 F. Supp. 2d 893, 905 (E.D. Pa. 2011); *Automated Transactions, LLC v. First Niagra Fin. Grp., Inc.*, No. 10-CV-00407(A)(M), 2010 WL 5819060, at *3 (W.D.N.Y. Aug. 31, 2010), *report and recommendation adopted by* 2011 WL 601559 (W.D.N.Y. Feb. 11, 2011); *Elan Microelectronics Corp. v. Apple, Inc.*, No. 09-01531 RS, 2009 WL 2972374, at *2 (N.D. Cal. Sept. 14, 2009). Some of the forms – such as the form negligence and patent infringement complaints – would plainly fail the *Iqbal/Twombly* standard as they consist entirely of legal conclusions. *See, e.g.*, Fed. R. Civ. P. App'x of Forms, Form 11 (in a complaint for negligence, plaintiff need allege only that "the defendant negligently drove a motor vehicle against the plaintiff" and "[a]s a result, the plaintiff was [harmed in one or more of several possible ways]"); *W.L. Gore & Assocs.*, 778 F. Supp. 2d at 675 ("It is difficult to reconcile the pleading standards set forth in *Twombly* and *Iqbal* with the legally conclusive form of pleading found in [the model complaint for patent infringement]."); *see also Twombly*, 550 U.S. at 575–76, 589–90 (Stevens, J., dissenting) (noting inconsistencies between *Twombly*'s holding and Form 9, which was at that time the form negligence complaint). *But see Twombly*, 550 U.S. at 565 n.10 (majority opinion) (suggesting that the form negligence complaint was adequate because of the simple fact pattern involved).

However, neither *Twombly* nor *Iqbal* abrogated Rule 84's provision that use of the forms is sufficient compliance with the Rules. *See, e.g.*, *Hamilton v. Palm*, 621 F.3d 816, 818 (8th Cir. 2010); *W.L. Gore & Assocs.*, 778 F. Supp. 2d at 675; *Automated Transactions*, 2010 WL 5819060, at *5; *see also McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1356–57 (Fed. Cir. 2007); *id.* at 1360 (Dyk, J., concurring in part and dissenting in part). In attempting to reconcile Rule 84 with *Iqbal* and *Twombly*, many courts have upheld complaints modeled on the forms only if they plead the exact type of claim as those in the forms. *See, e.g.*, *Nielsen Co. (US), LLC v. comScore, Inc.*, --- F. Supp. 2d ----, No. 2:11cv168, 2011 WL 4937158, at *11 (E.D. Va. Aug. 19, 2011) (holding that form complaint for patent infringement is insufficient when pleading indirect patent infringement). Under this rationale, Rule 84 would not render Comfort Inn's amended complaint sufficient because Comfort Inn did not employ a form complaint and none of the forms squarely apply to this type of a breach of contract.

15

I conclude that the amended complaint is sufficient with respect to the element of damages, but barely so. This conclusion is based not on the fact that Comfort Inn specifies the dollar amount of its damages, but on the fact that it provides at least some indication of how Hertz's alleged breach resulted in damages.

Comfort Inn alleges it suffered damages due to "(1) a lack of providing a company car . . . and (2) loss of revenue due to lack of providing cars for hotel residents." Am. Comp. ¶ 8. It is plausible that the lack of a company car would result in damages because Comfort Inn would have had to obtain alternate transportation. And it is also plausible that the lack of rental cars provided to Comfort Inn's guests would result in foregone commissions and dissatisfied customers. *Cf. Hard Rock Cafe Int'l, (USA), Inc. v. Hard Rock Hotel Holdings, LLC*, --- F. Supp. 2d ----, No. 10 Civ. 7244 (WHP), 2011 WL 2945842, at *11 (S.D.N.Y. July 11, 2011) (allegation that purported breaches damaged claimants' goodwill, standing and reputation was sufficient to withstand motion to dismiss). Although Comfort Inn's allegation does not fill in all the blanks as to how Hertz's alleged breach resulted in the damages it asserts, it adequately alleges damages resulting from Hertz's purported breach.

C. *Leave To Replead*

"[D]ismissals for insufficient pleadings are ordinarily with leave to replead . . . ." *Stern v. Gen. Elec. Co.*, 924 F.2d 472, 477 (2d Cir. 1991). However, leave to replead may be denied if, for example, repleading would be futile. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

The amended complaint is dismissed because Comfort Inn has not pleaded its own performance. I cannot conclude at this stage of the case that Comfort Inn has neither

16

performed nor had its performance legally excused, and I therefore cannot conclude that repleading would be futile.

Hertz does not claim it would be prejudiced by granting leave to replead or assert any other basis for denying leave to replead. Accordingly, I grant Comfort Inn 14 days to file a second amended complaint. Comfort Inn is cautioned that further leave to replead will not be granted absent extraordinary circumstances.

## CONCLUSION

For the reasons stated above, the motion to dismiss is granted and the amended complaint is dismissed without prejudice. Comfort Inn is granted leave to file a second amended complaint within 14 days of the entry of this memorandum and order.

So ordered.

John Gleeson, U.S.D.J.

Dated: November 1, 2011
      Brooklyn, New York